IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP CASTLEBERG,

                                                          ORDER

                Plaintiff,

                                             10-cv-647-bbc

     v.

COVENANT HEALTH CARE OF EAU CLAIRE, L.P.,
TOMMY DAVIDSON and
KELLOR HOLDINGS, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Philip Castleberg filed this civil action for breach of contract, breach of fiduciary duty and judicial dissolution against defendants Tommy Davidson and Kellor Holdings, Inc. in the Circuit Court for Eau Claire County, Wisconsin. Plaintiff is asserting direct claims on his own behalf and derivative claims on behalf of Covenant Health Care of Eau Claire, L.P. (Plaintiff's original complaint listed Covenant Health Care of Eau Claire, L.P. as an involuntary plaintiff. Covenant Health Care has since been realigned as a defendant by stipulation of the parties.) On October 27, 2010, defendants Davidson and Kellor Holdings removed the case under 28 U.S.C. §§ 1441 and 1446, contending that this court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely

1

diverse and the matter in controversy exceeds $75,000. However, this court has an independent obligation to insure that diversity jurisdiction exists. Arbaugh v. Y & H Corporation, 546 U.S. 500, 501 (2006); Tylka v. Gerber Products Company, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction"). My review of plaintiff's amended complaint and defendants' notice of removal indicates that defendants have not provided enough information to allow this court to draw the conclusion that the parties are diverse under § 1332.

Defendants' notice of removal alleges that plaintiff is a citizen and resident of Florida, defendant Davidson is a citizen and resident of Tennessee and defendant Kellor Holdings is a Tennessee corporation with its principal place of business in Tennessee. Thus, the citizenship between plaintiff and defendants Davidson and Kellor Holdings is completely diverse. However, the presence of defendant Covenant Health Care of Eau Claire, L.P. raises a jurisdictional red flag. The citizenship of a limited partnership is determined by the citizenship of each of the limited and general partners. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("The citizenship of a partnership is the citizenship of the partners, even if they are limited partners.") (citations omitted). In his amended complaint, plaintiff alleges that he and Davidson are two limited partners and defendant Kellor Holdings is the general partner in Covenant Health Care. This means that plaintiff and

Covenant Health Care are both citizens of Florida.

In defendants' notice of removal, they contend that this court has diversity jurisdiction regardless of Covenant Health Care's presence in the case because Covenant Health Care is "not a necessary and indispensable party in this case [and] is merely a nominal party to these proceedings." Dkt. #5, ¶ 5.

It is true that diversity jurisdiction is based only on the citizenship of parties who have a real interest in the outcome of the case. Nominal parties are disregarded. SEC v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991); Matchett v. Wold, 818 F.2d 574, 575-76 (7th Cir. 1987) ("The addition to a lawsuit of a purely nominal party—-the holder of the stakes of the dispute between the plaintiff and the original defendant—-does not affect diversity jurisdiction"). However, it is not clear from either plaintiff's amended complaint or defendants' notice of removal that defendant Covenant Health Care is a nominal party.

Plaintiff is seeking dissolution of defendant Covenant Health Care and is asserting derivative claims on its behalf. It is well settled that when a stockholder brings a derivative action on behalf of a corporation, the corporation is a real party in interest and is not a nominal party. Hale v. Victor Chu, 614 F.3d 741, 743 n. 1 (7th Cir. 2010) ("Although named a defendant, [the corporation] is the real party in interest, the stockholder being at best the nominal plaintiff."); Weissman v. Weener, 12 F.3d 84, 86 (7th Cir. 1993). It is not clear, however, whether a limited partnership should be considered a real party in interest

3

in a derivative action or suit for dissolution. I have found no controlling cases on the issue, though several courts have concluded that partnerships are indispensable parties in derivative suits brought on their behalf. Compare Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc., 140 F.3d 898, 909 (11th Cir. 1998) (finding partnership indispensable party in derivative suit), U.S. Cellular Inv. Co. of Oklahoma City, Inc. v. Southwestern Bell Mobile Systems, Inc., 124 F.3d 180, 182 (10th Cir. 1997) (holding that partnership is real party in interest in derivative suit), Bankston v. Burch, 27 F.3d 164, 167 (5th Cir. 1994) (same); Buckley v. Control Data Corp., 923 F.2d 96, 98 (8th Cir. 1991) (assuming that partnership is indispensable party in derivative suits), Moore v. Simon Enterprises, Inc., 919 F. Supp. 1007, 1009 (N.D. Tex. 1995) ("A limited partnership is an indispensable party to a derivative action brought by a limited partner to enforce the rights of the partnership."), with HB General Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1195 (3d Cir. 1996) (partnership not real party in interest in derivative suit). If defendant Covenant Health Care is a real party in interest or an indispensable party, its citizenship is relevant to diversity jurisdiction under 28 U.S.C. § 1332.

It would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present. As the parties that removed this case to federal court, defendants bear the burden of showing that federal jurisdiction exists. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Therefore, defendants may

have until December 23, 2010 in which to file supplemental materials showing whether defendant Covenant Health Care is a nominal party in this action. Plaintiff may have until December 30, 2010 in which to file a response.

ORDER

IT IS ORDERED that defendants Tommy Davidson and Kellor Holdings, Inc. may have until December 23, 2010 in which to file supplemental materials showing that defendant Covenant Health Care of Eau Claire, L.P. is a nominal party to this action whose joinder does not destroy diversity jurisdiction. Plaintiff Philip Castleberg may until December 30, 2010 in which to file a response. If defendants fail to respond by December 23, I will remand the case to state court.

Entered this 10th day of December, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

5